IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 25, 2004

## STEFAN OLARU v. STEVEN D. BROWN

**Appeal from the Circuit Court for Hamilton County**
**No. 02C1286     Jacqueline E. Schulten, Judge**

---

**No. E2003-02875-COA-R3-CV  - FILED JUNE 25, 2004**

---

Stefan Olaru filed an action for malpractice against his former attorney, Steven D. Brown.  The trial court dismissed the complaint based upon the defendant's plea of a discharge in bankruptcy.  The plaintiff appeals.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which D. MICHAEL SWINEY, J., and WILLIAM H. INMAN, SR.J., joined.

Stefan Olaru, Warren, Michigan, appellant, Pro Se.

Steven D. Brown, Hixson, Tennessee, appellee, Pro Se.

## MEMORANDUM OPINION

The genesis of the plaintiff's present cause of action is found in a lawsuit filed by the plaintiff that arose out of an automobile accident.  That case was tried before a jury.  The jury found the plaintiff 60% at fault and further found that he had not "suffer[ed] serious impairment of bodily functions."  Based on the jury's findings, the trial court dismissed the plaintiff's complaint. The trial court's judgment entered on the jury's verdict was affirmed by the Court of Appeals on July 25, 2001.

The defendant in the case at bar did not represent the plaintiff in the trial court.  He was hired by the plaintiff to appeal the trial court's judgment of dismissal.  It appears that, in connection with the appeal, the plaintiff paid the defendant a fee of $5,000 plus a deposit on expenses of $2,000, of which, according to the plaintiff, $266 was later returned.

In the instant action, the plaintiff, in his *pro se* complaint filed July 18, 2002, alleges that the brief filed by the defendant in the underlying case was "extremely weak"; that the defendant failed

to advise him that his appeal was dismissed by the Court of Appeals on July 25, 2001; that the defendant failed "to file an [a]ppeal to the Tennessee Supreme Court"; and that, when the plaintiff learned "on or about November 23, 2001" that the appeal had been dismissed, it was too late to seek further appellate review.

The defendant filed an answer asserting the defense of a discharge in bankruptcy. He supported his answer with a "Discharge of Debtor in an Chapter 7 Case" signed by the United States Bankruptcy Judge for the United States Bankruptcy Court, Eastern District of Tennessee. The discharge was filed in that court on April 12, 2002. On October 27, 2003, the trial court in the instant case dismissed the plaintiff's complaint based upon its finding that the plaintiff's "cause of action is discharged and barred as a result of the [d]efendant's Chapter 7 Bankruptcy."

On this appeal, the plaintiff argues – with no substantiation save his bald assertion – that his claim was not listed in the defendant's bankruptcy petition and, as a consequence of this fact, was not discharged in bankruptcy. Furthermore, he cites no authority to support his legal position.

The trial court's order of dismissal followed a hearing on October 7, 2003. The order provides, in part, as follows:

> This cause came to be heard on the 7th day of October, 2003, at which time the Court heard argument from the parties concerning whether a default should have been granted[1] and whether this cause of action was barred by the Defendant's Chapter 7 Bankruptcy action. After reviewing the record in this cause, the documents provided by the Defendant regarding his Chapter 7 Bankruptcy proceeding and considering the argument of the parties, the Court finds that the Order of Default entered on September 24, 2003 should be set aside and that this cause of action is discharged and barred as a result of the Defendant's Chapter 7 Bankruptcy.

We do not know what the trial court heard and saw at this hearing. What we do know, based upon the record before us, is that the defendant received a discharge in bankruptcy on April 12, 2002. That discharge post-dated the defendant's alleged acts of malpractice. Assuming the defendant was guilty of malpractice, his wrongful conduct occurred prior to November 23, 2001. The significance of this date is shown by the following allegation in the plaintiff's legal malpractice complaint:

> That on or about November 23, 2001, contact was finally made with Defendant's mother, Mrs. Brown, who worked as a secretary at her son's law firm. She stated that Defendant was in the hospital and there was no approximate date set for Mr. Brown's return to the office. She also stated that the [a]ppeal was denied on July 25, 2001.

---

[1]The plaintiff had previously sought and been granted a judgment by default against the defendant.

The plaintiff does not rely in his complaint upon any act or omission of the defendant that occurred after November 23, 2001.

Since we have no transcript or statement pertaining to the trial court's hearing on October 7, 2003, "we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings." **Sherrod v. Wix**, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992). The record before us fails to establish that the trial court erred when it dismissed the plaintiff's complaint.

Pursuant to the provisions of Rule 10 of the Rules of the Court of Appeals,[2] we affirm the judgment of the trial court. Costs on appeal are taxed to Stefan Olaru. This case is remanded to the trial court for collection of costs assessed below, pursuant to applicable law.

_____
CHARLES D. SUSANO, JR., JUDGE

_____

[2]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.